UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

M.S., individually, a citizen and resident of
The State of Colorado, and T.S., a citizen and
Resident of Colorado,

     Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., and
ARVIN JOSEPH MIRASOL

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, M.S. and T.S., both of whom are citizens and residents of Colorado[1], through undersigned counsel, sue Defendants ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation with its principal place of business in Florida, and ARVIN JOSEPH MIRASOL, individually, a citizen and resident of the Republic of the Philippines, and allege:

### PRELIMINARY ALLEGATIONS

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, M.S., is a citizen and resident of Colorado.

3. Plaintiff, T.S., is a citizen and resident of Colorado.

4. Plaintiffs M.S. and T.S. are husband and wife.

---

[1] Due to the sensitive nature of the allegations set forth Plaintiffs are proceeding in this case using their initials rather than their full names. Defendant is aware of the Plaintiffs' full names through pre-suit communications.

5. Defendant, ARVIN JOSEPH MIRASOL ("MIRASOL"), is a citizen of the Republic of the Philippines.

6. Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), is a foreign entity incorporated in Liberia with its principal place of business in Miami-Dade County, Florida. Defendant RCCL is, therefore, a citizen of Liberia and Florida, for the purpose of determining subject matter jurisdiction.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiffs are both citizens of Colorado, while Defendant RCCL is a citizen of both Liberia and Florida for jurisdictional purposes, and Defendant MIRASOL is a citizen of the Republic of the Philippines. In the alternative, if diversity jurisdiction does not apply, then this matter falls under this Court's admiralty and maritime jurisdiction.

8. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant Royal unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related lawsuits only in this Federal District and Division, as opposed to any other place in the world.

9. At all times material hereto, RCCL personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181, and/or 48.193;

e. The acts of RCCL set out in this Complaint occurred in whole or in part in this county and/or state.

f. RCCL was engaged in the business of providing vacation cruises aboard their vessels to the public and to Plaintiffs, in particular, for compensation.

g. Defendant RCCL, as a common carrier, had an extraordinary, nondelegable duty to protect its passengers from its employee's intentional misconduct during the contractual period, and Defendant RCCL was vicariously and strictly liable for the

intentional torts of its employees during the contractual period, including Defendant Mirasol.

10.  Defendants are subject to the jurisdiction of the Courts of this state.

11.  At all relevant times, Defendant RCCL owned, operated, managed, maintained, and/or controlled the Symphony of the Seas cruise ship.

12.  Between the contractual period with Defendant RCCL, February 10, 2024, through February 18, 2024 ("contractual period"), Plaintiffs shared a stateroom on the Symphony of the Seas with their two minor sons, J.S. and W.S., for a cruise. All actionable conduct by any Defendant asserted took place during the contractual period.

13.  At all relevant times, Plaintiffs were fare-paying passengers and lawfully aboard the vessel for the contractual period.

14.  During the contractual period, Defendant Mirasol used video recording equipment and wireless transmitters to secretly record passengers in bathrooms and private spaces where passengers reasonably expect privacy.

15.  Since Mirasol began working on the Symphony of the Seas in 2023, Mirasol targeted passengers by secretly recording them in their private bathrooms and showers and transmitting the recording to a device that he controlled for purposes of sexual gratification, creating pornography, and other prurient intentions.

16.  Upon information and belief, despite a history of criminal recordings on Defendant RCCL's ships, while an employee on Symphony of the Seas since 2023, including the dates on and between February 10, 2024, and February 18, 2024, Defendant Mirasol was allowed by Defendant RCCL to possess recording equipment and wireless transmitters on the Symphony of the Seas without valid reason for Defendant Mirasol to possess these devices.

17.  On and between the contractual period of February 10, 2024, and February 18, 2024, motivated by prurient interest, Defendant Mirasol secretly recorded Plaintiffs in their cabin and bathroom where they had a reasonable expectation of privacy.

18.  On and between the contractual period of February 10, 2024, and February 18, 2024, Defendant Mirasol transmitted videos of Plaintiffs from their cabin to a remote device that allowed him to illegally monitor, record, broadcast, store, or use the videos for sexual gratification, broadcasting, streaming, pornography, and other prurient intentions.

19.     Upon information and belief, Defendant RCCL, at all relevant times, and for at least a decade before this incident complained of in this lawsuit, knew of the serious risk of sex crimes and injuries to its passengers aboard vessels, including being secretly recorded in private spaces, because Defendant RCCL had experienced and had actual knowledge of such crimes and injuries, perpetuated aboard its vessels by both crew and passengers.

20.     Upon information and belief, the prior criminal conduct of which Defendant RCCL knew included sexual crimes against adults and minors, and among them, crimes involving secretly recording, by other passengers and by crew, passengers in private spaces where passengers had a reasonable expectation of privacy.

21.     Upon information and belief, Defendant RCCL has further experienced and had actual knowledge of passengers being wrongfully and secretly recorded in private spaces by crew members and other passengers aboard its vessels.

22.     Defendant RCCL also knew or should have known, from previous experience, that the risk of such criminal conduct against passengers aboard its vessels tended to be greatest in passenger cabins and bathrooms or spaces used to change clothing.

23.     Upon information and belief, Defendant RCCL anticipated and foresaw that such crimes would be perpetuated on passengers aboard its cruise ships.

24.     Despite Defendant RCCL's knowledge and notice of the risks that passengers are secretly recorded in private spaces and that the recording equipment and wireless transmitters could be used to perpetuate this crime against its passengers, Defendant RCCL chose to allow its employees, including Defendant Mirasol, to bring recording equipment, including wireless transmitters, on its cruises or failed to enforce a policy prohibiting the possession of such equipment.

25.     Defendant RCCL knew or should have known the need to prevent its employees from using recording equipment and wireless transmitters to secretly record its passengers in private spaces where the passenger had a reasonable expectation of privacy.

26.     Defendant RCCL advertises and markets its cruises in a way that is calculated to induce prospective cruisers to sail on its cruise ships. In doing so, Defendant RCCL deliberately emphasized the positives of cruises and vessels, effectively to the exclusion of any negatives, such as the risk of crime and injury aboard its cruise ships, which was well-known to Defendant RCCL at all relevant times. Consequently, prospective passengers did not receive sufficient information

from Defendant RCCL to make fully informed decisions to book a cruise, and/or to fully comprehend the need to take precautions for their safety and privacy, while aboard its cruise ships.

27. Defendant RCCL failed to take adequate steps or provide adequate security to prevent such conduct and failed to warn its passengers of the rate at which such conduct occurs. Defendant RCCL's motive for failing to warn its passengers is financial in nature; that is, Defendant RCCL willfully chooses not to warn its passengers about such conduct aboard its ships to avoid scaring away prospective customers. Such willful and outrageous conduct on Defendant's part exposes that Defendant to punitive damages.

28. At the time of booking, and at all other relevant times, Plaintiffs saw, read, heard about, and relied upon the superlative information disseminated to the public by Defendant RCCL regarding the cruise experience aboard its vessels, from which Defendant RCCL deliberately omitted any mention of a general risk of harm to passengers aboard its cruise ships.

29. At the time of booking, and at all other relevant times, Plaintiffs were not made aware of, in any reasonable fashion, of the risks and/or of prior occurrences of crime aboard Defendant RCCL's cruise ships; and they therefore, were otherwise unaware of any need to rethink going on the cruise and/or to take any special precautions to protect themselves and their minor children, from criminal conduct, including being secretly recorded in private spaces.

30. Defendant Royal either had no policies in place to prohibit its employees from possessing recording equipment and wireless transmitters on its cruises or failed to enforce same, failed to adequately investigate its employees for reasonably foreseeable risks of secretly recording passengers in private spaces, and failed to have security measures in place to timely discover an employee secretly recording passengers in private spaces, and negligently hired and retained Defendant Mirasol.

### CAUSES OF ACTION

### COUNT I
### PLAINTIFF M.S.'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RCCL

Plaintiff M.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

31. At all times material, it was the duty of Defendant RCCL to provide Plaintiff M.S. with reasonable care under the circumstances while she was a passenger aboard the Symphony of the Seas.

32. On and between the dates of February 10, 2024, and February 18, 2024, Plaintiff M.S. was injured due to the fault and negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

a. Failing to investigate and discover that Defendant Mirasol was a compulsive sex offender who was unfit for employment by Defendant RCCL, much less interacting with passengers;

b. Failing to implement or follow adequate hiring and retention policies designed to identify and exclude sex offenders or others who are unfit for employment or retention;

c. Failing to provide reasonably safe conditions for Plaintiff M.S., aboard Defendant's vessel. Said safe conditions include, but are not limited to, preventing employees from secretly recording passengers in private spaces;

d. Failing to have policies to prevent employees from possessing recording equipment or wireless transmitters on cruises;

e. Failing to enforce its policies to prevent employees from possessing recording equipment or wireless transmitters on cruises;

f. Failing to adequately monitor its employees for possession or use of recording equipment or wireless transmitters;

g. Failing to provide adequate security aboard the vessel;

h. Failing to warn passengers of the dangers of being secretly recorded in private spaces aboard Defendant's ships;

i. Failing to warn passengers of the rate of being secretly recorded in private spaces aboard Defendant's ships;

j. Failing to adequately monitor and control the conduct of its employees aboard the vessel;

k. Failing to protect passengers from being secretly recorded in private spaces;

l. Failing to implement procedures for the routine inspection of employee's possessions, cabins, electronic devices, and activities, by security personnel for the purposes of preventing or timely discovering criminal conduct, including illegal recording of passengers and minors in private spaces;

m.  Violating the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from being secretly recorded in private spaces aboard Defendant's ships all of which caused Plaintiff M.S. to be injured.

n.  In other manners not yet known, but which are expected to be revealed in discovery.

33.  As a direct and proximate result of the negligence of Defendant RCCL, Plaintiff M.S., was directly and proximately caused to be secretly and illegally recorded in her bathroom and areas where she had a reasonable expectation of privacy, and suffer severe emotional distress.

34.  As a result of the foregoing, Plaintiff M.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature, and she will suffer losses and impairments in the future. Further, Plaintiff M.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff M.S. requests judgment for all damages recoverable under the law against Defendants and demands trial by jury.

<u>**COUNT II**</u>
<u>**PLAINTIFF M.S.'S CLAIM FOR INTENTIONAL TORT AGAINST DEFENDANT MIRASOL**</u>

Plaintiff M.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

35.  Between the dates of February 10, 2024, and February 10, 2024, Plaintiff M.S. was secretly recorded in private space where she had a reasonable expectation of privacy, and the recording was transmitted to a device in Defendant Mirasol's cabin and controlled by him, that allowed him to illegally monitor, record, broadcast, store, or use the videos for: sexual gratification, broadcasting, streaming, pornography, child pornography, or other prurient intentions.

36.  As a direct and proximate result of the intentional acts of Defendant Mirasol, Plaintiff M.S. was directly and proximately caused to be secretly and illegally recorded in her bathroom and areas where she had a reasonable expectation of privacy, and suffer severe emotional distress.

37.     As a result of the foregoing, Plaintiff M.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature, and she will suffer losses and impairments in the future. Further, Plaintiff M.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff M.S. requests judgment for all damages recoverable under the law against Defendants and demands trial by jury.

## COUNT III
## PLAINTIFF M.S.'S CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT RCCL

Plaintiff M.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

38.     As a common carrier, Defendant Royal owed Plaintiff M.S. a nondelegable, extraordinary duty to protect Plaintiff M.S. from Defendant RCCL's employees, intentionally tortious conduct, including Defendant Mirasol's conduct.

39.     Defendant Mirasol's intentionally tortious conduct of secretly recording Plaintiff M.S. in her private bathroom and cabin damaged Plaintiff M.S., as alleged herein.

40.     As the common carrier, Defendant RCCL is vicariously liable for damages Defendant Mirasol caused Plaintiff M.S. as a matter of law.

41.     As a result of the foregoing, Plaintiff M.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature, and she will suffer losses and impairments in the future. Further, Plaintiff M.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff M.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

## COUNT IV
## PLAINTIFF M.S.'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT RCCL

8

Plaintiff M.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

42. Punitive damages have long been recognized in maritime tort actions and may be awarded where a defendant's actions were intentional, deliberate, and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, Defendant RCCL's conduct warrants imposing punitive damages.

43. Instances of sexual crimes, including secret recordings of passengers in private spaces, occur aboard Defendant's cruise ships at a serious rate. Yet Defendant RCCL fails to take adequate steps or provide adequate security to prevent such crimes, and fails to warn its passengers of the growing epidemic of sex crimes at sea. Defendant RCCL's motive for failing to warn its passengers is financial in nature; that is, RCCL willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships to avoid scaring any prospective passengers away. Such willful and outrageous conduct on the part of the Defendant exposes them to punitive damages.

44. As a result of the foregoing, Plaintiff M.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature, and she will suffer losses and impairments in the future. Further, Plaintiff M.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff M.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

<u>**COUNT V**</u>
<u>**PLAINTIFF M.S.'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT MIRASOL**</u>

Plaintiff M.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

45. Punitive damages have long been recognized in maritime tort actions and may be awarded where a defendant's actions were intentional, deliberate, and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, the intentional, deliberate and wanton conduct of Defendant Mirasol warrants imposing punitive damages.

46.     As a result of the foregoing, Plaintiff M.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature, and she will suffer losses and impairments in the future. Further, Plaintiff M.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff M.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

**COUNT VI**
**PLAINTIFF T.S.'S CLAIM FOR CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RCCL**

Plaintiff T.S. realleges, adopts and incorporates be reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

47.     At all times material, it was the duty of Defendant RCCL to provide Plaintiff T.S. with reasonable care under the circumstances while he was a passenger aboard the Symphony of the Seas.

48.     On and between the dates of February 10, 2024, and February 18, 2024, Plaintiff T.S. was injured due to the fault and negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

a. Failing to investigate and discover that Defendant Mirasol was a compulsive sex offender who was unfit for employment by Defendant RCCL, much less interacting with passengers;

b. Failing to implement or follow adequate hiring and retention policies designed to identify and exclude sex offenders or others who are unfit for employment or retention;

c. Failing to provide reasonably safe conditions for Plaintiff T.S., aboard Defendant's vessel. Said safe conditions include, but are not limited to, preventing employees from secretly recording passengers in private spaces;

d. Failing to have policies to prevent employees from possessing recording equipment or wireless transmitters on cruises;

e. Failing to enforce its policies to prevent employees from possessing recording equipment or wireless transmitters on cruises;

f. Failing to adequately monitor its employees for possession or use of recording equipment or wireless transmitters;

g. Failing to provide adequate security aboard the vessel;

h. Failing to warn passengers of the dangers of being secretly recorded in private spaces aboard Defendant's ships;

i. Failing to warn passengers of the rate of being secretly recorded in private spaces aboard Defendant's ships;

j. Failing to adequately monitor and control the conduct of its employees aboard the vessel;

k. Failing to protect passengers from being secretly recorded in private spaces;

l. Failing to implement procedures for the routine inspection of employee's possessions, cabins, electronic devices, and activities, by security personnel for the purposes of preventing or timely discovering criminal conduct including illegal recording of passengers and minors in private spaces;

m. Violating the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from being secretly recorded in private spaces aboard Defendant's ships all of which caused Plaintiff T.S. to be injured.

n. In other manners not yet known, but which are expected to be revealed in discovery.

49. As a direct and proximate result of the negligence of Defendant RCCL, Plaintiff T.S., was directly and proximately caused to be secretly and illegally recorded in his bathroom and areas where he had a reasonable expectation of privacy, and suffer severe emotional distress.

50. As a result of the foregoing, Plaintiff T.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff T.S. lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff T.S. requests judgment for all damages recoverable under the law against Defendants and demands trial by jury.

**COUNT VII**
**PLAINTIFF T.S.'S CLAIM FOR INTENTIONAL TORT AGAINST DEFENDANT MIRASOL**

Plaintiff T.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

51.     Between the dates of February 10, 2024, and February 10, 2024, Plaintiff T.S. was secretly recorded in private space where he had a reasonable expectation of privacy and the recording was transmitted to a device in Defendant Mirasol's cabin and controlled by him, that allowed him to illegally monitor, record, broadcast, store, or use the videos for: sexual gratification, broadcasting, streaming, pornography, child pornography, or other prurient intentions.

52.     As a direct and proximate result of the intentional acts of Defendant Mirasol, Plaintiff T.S. was directly and proximately caused to be secretly and illegally recorded in his bathroom and areas where he had a reasonable expectation of privacy, and suffer severe emotional distress.

53.     As a result of the foregoing, Plaintiff T.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future.  The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff T.S. lost the value of his vacation cruise.

WHEREFORE, Plaintiff T.S. requests judgment for all damages recoverable under the law against Defendants and demands trial by jury.

**COUNT VIII**
**PLAINTIFF T.S.'S CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT RCCL**

Plaintiff T.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

54. As a common carrier, Defendant Royal owed Plaintiff T.S. a nondelegable, extraordinary duty to protect Plaintiff T.S. from Defendant RCCL's employees, intentionally tortious conduct, including Defendant Mirasol's conduct.

55. Defendant Mirasol's intentionally tortious conduct of secretly recording Plaintiff T.S. in his private bathroom and cabin damaged Plaintiff T.S., as alleged herein.

56. As the common carrier, Defendant RCCL is vicariously liable for damages Defendant Mirasol caused Plaintiff T.S. as a matter of law.

57. As a result of the foregoing, Plaintiff T.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff T.S.'s lost the value of his vacation cruise.

**WHEREFORE**, Plaintiff T.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

## <u>COUNT IX</u>
## <u>PLAINTIFF T.S.'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT RCCL</u>

Plaintiff T.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

58. Punitive damages have long been recognized in maritime tort actions and may be awarded where a defendant's actions were intentional, deliberate and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, Defendant RCCL's conduct warrants imposing punitive damages.

59. Instances of sexual crimes, including secret recordings of passengers in private spaces, occur aboard Defendant's cruise ships at a serious rate. Yet Defendant RCCL fails to take adequate steps or provide adequate security to prevent such crimes, and fails to warn its passengers of the growing epidemic of sex crimes at sea. Defendant RCCL's motive for failing to warn its passengers is financial in nature; that is, RCCL willfully chooses not to warn its passengers about

rapes and sexual assaults aboard its ships to avoid scaring any prospective passengers away. Such willful and outrageous conduct on the part of the Defendant exposes them to punitive damages.

60.     As a result of the foregoing, Plaintiff T.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future.  The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff T.S. lost the value of his vacation cruise.

**WHEREFORE**, Plaintiff T.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

## COUNT X
## PLAINTIFF T.S.'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT MIRASOL

Plaintiff T.S. realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 30 as though alleged originally herein.

61.     Punitive damages have long been recognized in maritime tort actions and may be awarded where a defendant's actions were intentional, deliberate, and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, the intentional, deliberate, and wanton conduct of Defendant Mirasol warrants imposing punitive damages.

62.     As a result of the foregoing, Plaintiff T.S. was injured, including sustaining pain and suffering; mental anguish; inconvenience, great shame, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future.  The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff T.S. lost the value of his vacation cruise.

**WHEREFORE**, Plaintiff T.S. requests judgment for all damages recoverable under the law against Defendant, including punitive damages, and demands trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all issues so triable as a right.

DATED THIS December Wednesday December 4, 2024.

**Prosper Shaked Accident Injury Attorneys PA**

Attorney for Plaintiff
15520 W Dixie Hwy
North Miami Beach, FL 33162
Telephone: (305) 690-0244
Fax: (305) 440-4530
Primary Email: service@prosperlaw.com
Secondary Email: prosper@prosperlaw.com

By: /s/Prosper Shaked
        Prosper Shaked
        Florida Bar No. 111764